# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES LAURENCE BUTLER, SR.,** | ) |
| Plaintiff | ) |
| vs. | ) Civil Action No. CV-12-S-3601-NE |
| **ROBERT BROUSSARD**, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, James Laurence Butler, Sr., who is proceeding *pro se*, commenced this action against Robert Broussard (the current District Attorney of Madison County, Alabama); Tim Morgan (the former District Attorney of Madison County); Jeanny Cole (an Assistant District Attorney of Madison County); Jane Smith (Clerk of the Circuit Court of Madison County); Kay Roome; and Roger Roome.[1] Defendants Broussard, Morgan, Cole, and Smith filed motions to dismiss the original complaint.[2] The court found that the complaint was a "shotgun complaint that contravenes Rules 8 and 10."[3] It contained "disjointed and acontextual statements that fail[ed] to intelligibly convey which facts relate[d] to which claims against which

---

[1] *See* doc. no. 1 (Complaint).

[2] Doc. no. 6 (Motion to Dismiss by Jane Smith); doc. no. 7 (Motion to Dismiss by Robert Broussard, Tim Morgan, and Jeanny Cole).

[3] Doc. no. 17 (Memorandum Opinion and Order), at 4.

defendants."[4] Despite those defects, the court noted its duty to treat *pro se* litigants leniently, and acknowledged that *Bank v. Pitt*, 928 F.2d 1108 (11th Cir. 1991), required that plaintiff be given a chance to amend his complaint.[5] Accordingly, the motions to dismiss were denied, but plaintiff was ordered to file an amended complaint that fully complied with the Federal Rules of Civil Procedure. The court warned plaintiff that the "failure to comply [with] this order or the Federal Rules of Civil Procedure may result in dismissal of plaintiff's claims without notice."[6]

Plaintiff filed his first amended complaint on April 22, 2013.[7] That complaint appears to allege claims for conspiracy to commit fraud; fraud, misrepresentation, deceit, and/or suppression of material facts; conversion; and negligent, wanton, or intentional breach of fiduciary duty.[8] The case is now before the court on motions to dismiss filed by defendants Broussard, Morgan, Cole, and Smith.[9] In response to those motions, plaintiff filed a second and third amended complaint,[10] but without

---

[4] *Id.* at 5 (alterations supplied).

[5] *Id.* at 7.

[6] *Id.* at 8.

[7] Doc. no. 20 (First Amended Complaint).

[8] *See id.* ¶¶ 5-15.

[9] Doc. no. 21 (Motion to Dismiss by Robert Broussard, Tim Morgan, and Jeanny Cole); doc. no. 22 (Motion to Dismiss by Jane Smith).

[10] Doc. no. 24 (Second Amended Complaint); doc. no. 25 (Third Amended Complaint).

first seeking and receiving leave of court to do so. *See* Fed. R. Civ. P. 15(a)(2).[11] After plaintiff filed his second and third amended complaints without leave, the Roome defendants, who are each proceeding *pro se*, filed separate motions to dismiss on May 30, 2013.[12] Those motions are also before the court, although they do not explicitly identify which complaint they attempt to dismiss. Because the motion by Roger Roome refers to language in the first amended complaint,[13] the court construes his motion as addressing that pleading. Kay Roome's motion, however, responds to

---

[11] The pertinent portions of Federal Rule of Civil Procedure 15 reads as follows:

(a) *Amendments Before Trial*.

    (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:

        (A) 21 days after serving it, or

        (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

    (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

    (3) *Time to Respond*. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

[12] Doc. no 26 (Motion to Dismiss by Roger Roome); doc. no. 27 (Motion to Dismiss by Kay Roome).

[13] *See* doc. no. 26 (Motion to Dismiss by Roger Roome), at 1 (referring to paragraph 3 of the first amended complaint).

language in the initial complaint,[14] so the court treats her motion as attacking that complaint.  Since the initial complaint was superceded by the first amended complaint, Kay Roome's motion is due to be denied as moot.  Because the second and third amended complaints potentially mooted the remaining motions to dismiss, the court first considers the propriety of those pleadings *sua sponte*.

## I.  THE SECOND AND THIRD AMENDED COMPLAINTS

If "the pleading is one to which a responsive pleading is required," *e.g.*, a complaint, a party may amend the pleading once, as a matter of course, within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  Plaintiff filed his *original* complaint on October 15, 2012.[15]  Defendant Smith filed a motion to dismiss on November 7, 2012, and defendants Broussard, Morgan, and Cole did the same on November 8, 2012.[16]  Thus, plaintiff's ability under Rule 15(a)(1) to freely amend "as a matter of course" expired, *at the latest*, on November 29, 2012. The court's subsequent order entered on April 1, 2013, and requiring plaintiff to file an amended complaint, did not renew plaintiff's ability to amend his complaint "as

---

[14] *See* doc. no. 27 (Motion to Dismiss by Kay Roome), at 2 (citing and quoting doc. no. 1 (Complaint), at 12).

[15] Doc. no. 1 (Complaint).

[16] Doc. no. 6 (Motion to Dismiss by Jane Smith); doc. no. 7 (Motion to Dismiss by Robert Broussard, Tim Morgan, and Jeanny Cole).

a matter of course." Thus, after November 29, 2012, any further amendments to the complaint required *either* "the opposing party's written consent *or* the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis supplied).

Defendants Broussard, Morgan, and Cole filed their motion to dismiss the *first* amended complaint on April 25, 2013.[17] Defendant Smith filed her motion to dismiss on May 9, 2013.[18] Plaintiff responded to the motion of defendants Broussard, Morgan, and Cole on May 13, 2013, by filing a response brief *and* a second amended complaint.[19] He responded to the Smith motion to dismiss on May 28, 2013, by filing a *third* amended complaint.[20] Plaintiff neither sought leave from the court to file those amended complaints, nor indicated that defendants had provided written consent for the filing of such amendments. Accordingly, the second and third amended complaint are procedurally improper.[21]

---

[17] Doc. no. 21 (Motion to Dismiss by Robert Broussard, Tim Morgan, and Jeanny Cole).

[18] Doc. no. 22 (Motion to Dismiss by Jane Smith).

[19] Doc. no. 23 (Response to Motion to Dismiss by Broussard, Morgan, Cole); doc. no. 24 (Second Amended Complaint).

[20] Doc. no. 25 (Third Amended Complaint).

[21] Some litigants have argued that Rule 15(a)(1) permits a plaintiff to file an amended complaint as a matter of course after *each* motion to dismiss. *See*, *e.g.*, *Yagman v. Galipo*, No. 12-7908-GW(SHx), 2013 WL 1287409, at *2 n.3 (C.D. Ca. Mar. 25, 2013).

The courts that have considered that outlier interpretation, however, have rejected it. *Id.*; *see also CSK Investments, LLC v. Select Portfolio Servicing, Inc.*, No. 10-00452-PHX-GMS, 2011 WL 1158551, at *2 (D. Az. Mar. 29, 2011) ("Plaintiffs interpret [Rule 15(a)(1)] as permitting one amendment as a matter of course for each answer filed by a defendant. Thus, based on this interpretation, Plaintiffs could file as many amended complaints as there are defendants in a case. . . . [But] the rule permits a plaintiff to amend its original complaint *only one time in the course of*

Even if plaintiff had sought leave from the court to file his second and third amended complaints, however, it would have been denied as futile. *See Hall v. United Insurance Co.*, 367 F.3d 1255, 1263 (11th Cir. 2004) ("This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)). The second amended complaint is virtually identical to the first amended complaint, which (as will be discussed in Section II of this opinion, *infra*) is factually deficient. The only difference is that the second amended complaint adds a count for "conspiracy support,"[22] a non-existent cause of action. Further, the allegations relating to that claim are not "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and they do not provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Instead, the second amended complaint alleges a scattershot and disjointed narrative that also fails to clearly identify the legal basis for the claim sought to be alleged.

The *third* amended complaint suffers from similar defects. It is identical to the second amended complaint, except it: (1) adds a second "conspiracy support" count, as well as two equally unintelligible counts for "conspiracy expansion"; and (2)

---

*a case*. Otherwise, a plaintiff must obtain the written consent of opposing counsel or leave of the Court to file an additional amended complaint.") (alterations and emphasis supplied).

[22] Doc. no. 24 (Second Amended Complaint) ¶¶ 17-30.

appends thirty pages of "argument" and documents that plaintiff already filed in response to the motion to dismiss the *first* amended complaint.[23]  Those new claims in the third amended complaint also fail to meet the minimum pleading standards.

Although *pro se* litigants are due to be treated leniently, the court cannot "serve as *de facto* counsel for a party," or "rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

In summary, plaintiff's second and third amended complaints are procedurally improper under Rule 15, do not satisfy the pleading requirements of the Federal Rules of Civil Procedure, and generally fail to state a claim upon which relief could be granted.  For those reasons, they are due to be stricken.

## II.  THE MOTIONS TO DISMISS

Plaintiff's first amended complaint is also flawed, and some of its shortcomings are even more glaring than those in the original complaint.  For instance, the initial complaint named six defendants.  The first amended complaint, however, ambiguously and repeatedly refers to actions by unnamed "defendants."[24]  Plaintiff does not clearly indicate *who* those defendants are, much less which counts and

---

[23] *See* doc. no. 25 (Third Amended Complaint), at 10-43.  *Compare id.* at 13-43, *with* doc. no. 23 (Response to Motion to Dismiss by Robert Broussard, Tim Morgan, and Jeanny Cole).

[24] *See* doc. no. 20 (First Amended Complaint) ¶¶ 2, 6, 7, 11, 15, 16.

factual allegations are made against each of them. Of course, that failure violates Rules 8(a)(1), 8(d)(1), and 10(b) of the Federal Rules of Civil Procedure. The caption of the first amended complaint merely states that the defendants are "ROBERT BROUSSARD, *et al.*"[25] *Compare* Fed. R. Civ. P. 10(a) ("The title of the complaint *must* name all the parties[.]") (emphasis and alteration supplied). Plaintiff does refer to "Brenda Kay Roome" and "Roger Roome" as parties in the body of the complaint, but, as Roger Roome observes,[26] subsequent references to those defendants are also ambiguous, because the complaint mentions only the *singular* "Defendant Roome."[27]

Furthermore, the factual allegations consist mainly of mere formulaic recitations of the elements of plaintiff's claims. The few facts that are alleged weave only a confusing narrative. The complaint contains four counts: conspiracy to commit fraud; "fraud/misrepresentation/deceit/suppression"; conversion; and "negligent/wanton/intentional breach of fiduciary duty."[28] Plaintiff first generally alleges that unnamed state employees "blacklisted my family and made them political targets."[29] In support of his conspiracy claim, plaintiff alleges that unspecified defendants "combined and conspired together to commit fraud" against him by

---

[25] *Id.* at 1.

[26] Doc. no. 26 (Motion to Dismiss by Roger Roome), at 1.

[27] *See* doc. no. 20 (Fist Amended Complaint) ¶¶ 10, 13.

[28] *See generally id.*

[29] *Id.* ¶ 4.

keeping unspecified "violations of law out of the prosecution of his son and himself . . . to prevent the Plaintiff from receiving his lawful portion of the monthly settlement monies."[30]

Plaintiff's fraud claim is supported only by the allegations that "Defendant Roome recklessly and intentionally" made false representations "to the other Defendants," and that defendants "further suppressed the facts that are true."[31] Plaintiff purportedly "relied on the Defendants' misrepresentations to his detriment" and suffered damages.[32]

As for the conversion claim, plaintiff simply asserts that "Defendant Roome converted the Plaintiff's portion of the subject money, and as a proximate consequence of the Defendant's conduct, the Plaintiff suffered damages."[33]

Finally, the breach of fiduciary duty claim alleges that unspecified defendants owed plaintiff a duty to "disburse and distribute to the Plaintiff the proceeds gained through the wrongful prosecution on behalf of the ASC[34] and to give the Plaintiff his portion of the proceeds of that corporation. *Defendant* [*sic*] negligently, wantonly,

---

[30] *Id.* ¶ 6.

[31] *Id.* ¶ 10.

[32] *Id.* ¶ 11.

[33] Doc. no. 20 (First Amended Complaint) ¶ 13.

[34] The meaning of the letters "ASC," presumably an acronym, is not made clear in the complaint.

or intentionally failed to perform their fiduciary duty."[35]

The flaws described above would be grounds for dismissal under Rule 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "a formulaic recitation of the elements of a cause of action will not do"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In fact, defendants Broussard, Morgan, Cole, and Smith filed their motions to dismiss based on that rule.[36] However, their motions also argue that the court lacks subject matter jurisdiction,[37] a deficiency that technically should be attacked through Rule 12(b)(1). In any event, the court must ensure that it has jurisdiction before ruling on the merits of any claim. *See, e.g., Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003).

The basic statutory grants of federal-court subject-matter jurisdiction are contained in Title 28, United States Code, Sections 1331 and 1332. Section 1331 provides for "federal-question" jurisdiction, and section 1332 for "diversity of citizenship" jurisdiction. *See, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).[38] Here, there is no jurisdiction based on diversity of citizenship, because the

---

[35] Doc. no. 20 (First Amended Complaint) ¶¶ 14-15 (emphasis and alteration supplied).

[36] *See* doc. no. 21 (Motion to Dismiss by Robert Broussard, Tim Morgan, and Jeanny Cole), at 1; doc. no. 22 (Motion to Dismiss by Jane Smith), at 1.

[37] Doc. no. 21 (Motion to Dismiss by Robert Broussard, Tim Morgan, and Jeanny Cole), at 2; doc. no. 22 (Motion to Dismiss by Jane Smith), at 1-2.

[38] There are, of course, other statutory forms of subject matter jurisdiction, *see, e.g.*, 28 U.S.C. § 1333 (admiralty), but they are not implicated by this case.

plaintiff and all defendants are citizens of the same state, Alabama.[39]  *See* 28 U.S.C. § 1332(a).

As for federal question jurisdiction, a plaintiff properly invokes § 1331 when he "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513.  Plaintiff has not satisfied that standard.  The first amended complaint's only reference to federal law is contained in a footnote to plaintiff's prayer for relief:  "The Defendants abused their power to bully, intimidate, and strip me of constitutional protections:  1st, 2nd, 4th, 5th, 6th, 14th."[40]  That isolated and conclusory assertion without supporting factual allegations does not support federal question jurisdiction, especially considering that the body of the first amended complaint contains four counts alleging only state-law claims:  *i.e.*, conspiracy to commit fraud; fraud, misrepresentation, deceit, and suppression; conversion; and negligent, wanton, or intentional breach of fiduciary duty.

Although the first amended complaint generally fails to state a claim upon which relief could be granted, the court technically cannot dismiss the case on that ground when it lacks subject matter jurisdiction.  Nevertheless, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the

---

[39] Doc. no. 20 (First Amended Complaint) ¶¶ 1-3.
[40] *Id.* at 5 n.2.

complaint in its entirety." *Arbaugh*, 546 U.S. at 514; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, dismissal of plaintiff's complaint is still the appropriate remedy.

### III. CONCLUSION AND ORDER

For the reasons stated, it is ORDERED that plaintiff's second and third amended complaints be, and the same hereby are, STRICKEN.[41] The motion to dismiss the superceded initial complaint filed by defendant Kay Roome is DENIED as moot.[42] The motions to dismiss the first amended complaint filed by defendants Broussard, Morgan, Cole, Smith, and Roger Roome are GRANTED,[43] and plaintiff's claims are DISMISSED. Due to the fact that this court lacks subject-matter jurisdiction, the dismissal of plaintiff's state-law claims is without prejudice. Costs are taxed to plaintiff. The clerk is directed to close this file, and to send a copy of this memorandum opinion and order to plaintiff at the following address: 237 Hough Road, Laceys Spring, Alabama 35754.

**DONE** and **ORDERED** this 31st day of May, 2013.

---

[41] Doc. no. 24 (Second Amended Complaint); doc. no. 25 (Third Amended Complaint).

[42] Doc. no. 27 (Motion to Dismiss by Kay Roome).

[43] Doc. no. 21 (Motion to Dismiss by Jane Smith); doc. no. 22 (Motion to Dismiss by Robert Broussard, Tim Morgan, and Jeanny Cole); doc. no. 26 (Motion to Dismiss by Roger Roome).

_____
United States District Judge